IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK KEVIN ESQUIBEL,

          Petitioner,

vs.                                         No. CIV-12-724 WPJ/CG

JAMES LOPEZ, Warden, and
GARY K. KING, New Mexico
Attorney General,

          Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Petitioner's *Petition for Writ of Habeas Corpus* filed on July 3, 2012, (Doc. 1), *Respondents' Answer to Petition for Writ of Habeas Corpus (28 U.S.C. § 2254)* filed on September 10, 2012, (Doc. 12), *Respondents' Motion to Dismiss with Prejudice* filed on September 10, 2012, (Doc. 13), and *Respondents' Memorandum in Support of Motion to Dismiss with Prejudice* filed on September 10, 2012, (Doc. 14). After careful review and consideration of the filings, the Court **RECOMMENDS** that the Petition be **DISMISSED WITH PREJUDICE**.

### I. Background

Pursuant to a *Plea and Disposition Agreement*, Petitioner is currently serving a term of imprisonment of 34 and ½ years. (Doc. 12-1 at 8) Petitioner pled no contest to the following offenses: kidnapping in the first degree; armed robbery; abuse of a child; two counts of aggravated assault with a deadly weapon; and aggravated fleeing a law enforcement officer. (*Id.* at 6).

The *Judgment, Order and Commitment to the Corrections Department* was entered on October 13, 2009. (*Id.* at 72). Petitioner's state court record shows a

request for a copy of tapes on August 2, 2010.  (*Id.*)  Petitioner filed a petition for a writ of habeas corpus with the Fifth Judicial District Court of New Mexico on October 26, 2011.  (*Id*). There is no record of Petitioner filing a direct appeal of his conviction in state court.  (*Id.* at 71-75).

On July 3, 2012, Petitioner filed the instant petition concerning the state convictions detailed above.[1]  (Doc. 1).  In his petition, Petitioner asserts that he filed appeals in "Roswell District Court" and the New Mexico Supreme Court, however, the state court docket reveals that he actually filed several habeas petitions with the Fifth Judicial District Court of New Mexico.  (Doc. 1; Doc. 12-1 at 71-75).  His only claim in his various state habeas petitions was that based on his criminal history, his sentences should run concurrently.  (Doc. 1 at 2-8).  In the petition at issue here, Petitioner again claims that based on his criminal history, his sentences should run concurrently. (Doc. 1 at 5, 14).

Respondents argue that the Petition should be dismissed because: 1) it is time-barred under 28 U.S.C. § 2244(d)(1)(A); 2) the sole claim asserted is both unexhausted and procedurally defaulted; and 3) Petitioner fails to articulate a cognizable constitutional violation for which habeas relief may be granted.  (Doc. 14 at 1).

**II.  Analysis**

*a.  Standard of Review*

Petitioner is a *pro se* litigant.  His pleadings must be construed liberally and held to a less stringent standard than is required of a party represented by counsel.  *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Liberal construction requires courts to

---

[1] Petitioner filed another § 2254 petition regarding the same conviction on June 6, 2012 in *Esquibel v. State of New Mexico*, No. CV 12-0617 MCA/LFG.  This petition was dismissed without prejudice on October 31, 2012.  (12-cv-0617, Doc. 6).

make some allowance for a *pro se* litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[.]" *Garrett v. Selby, Connor, Maddox & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall,* 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

### b. Petition is Time-barred

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one year time period within which a prisoner must file his petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one year limitation period begins from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244 (d)(1).

The limitations period is tolled while a petitioner is seeking post-conviction relief or other collateral review with the state. 28 U.S.C. § 2244(d)(2). The Supreme Court has held that § 2244(d) is subject to equitable tolling in certain cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Equitable tolling is available only in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) "A petitioner is entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

filing." Holland, 130 S. Ct. at 2562 (internal quotations omitted). Claims of insufficient access to the relevant law or excusable neglect are not sufficient to support equitable tolling. See Gibson, 232 F.3d at 808.

The last day on which Petitioner could file for direct review of his conviction was November 12, 2009, thirty days after the judgment was entered. N.M.S.A. § 39-3-3(a)(1) (1978). Under AEDPA, the one year limitations period for Petitioner to file a habeas petition began on November 12, 2009 and ended on November 12, 2010. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his first federal habeas petition on June 6, 2012, and the instant petition on July 3, 2012; both petitions were filed more than eighteen months after the one year limitations period ended. Therefore, the instant petition is time-barred unless Petitioner can show that the limitations period should be tolled. As Petitioner filed his first habeas petition in state court on October 26, 2011, nearly two years after his conviction became final, the provision that allows the limitations period to be tolled for pending state court review is inapplicable.

Petitioner's remaining option is to make a sufficient showing that the limitations period should be equitably tolled. Petitioner explains that the one year statute of limitations in 28 U.S.C. § 2244(d) does not bar his petition because he has "no idea what [he is] doing. . . [and] no one helping. . . ." (Doc. 1 at 13). This claim of insufficient knowledge of the law is not an extraordinary circumstance that could support a grant of equitable tolling. Furthermore, Petitioner did not take any action to challenge his conviction during the critical one year after it became final. Thus, Petitioner has not sufficiently shown that he diligently pursued his rights to support a grant of equitable

tolling in the face of an extraordinary circumstance. Therefore, this Court finds that the *Petition for a Writ of Habeas Corpus* is time-barred.

### III. Conclusion

For the reasons outlined in the foregoing opinion, this Court **RECOMMENDS** that:

(a) *Respondents' Motion to Dismiss with Prejudice*, (Doc. 13), be **GRANTED**;

(b) Petitioner Mark Kevin Esquibel's *Petition for Writ of Habeas Corpus*, (Doc. 1), be **DISMISSED WITH PREJUDICE**; and

(c) A certificate of appealability be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE